IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



FILED

MAY 0 4 2018

Clerk, U.S District Court
District Of Montana
Missoula

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SIX FIREARMS AND<br>AMMUNITION,<br><br>Defendant. | CV 18–33–M–DLC<br><br>ORDER |

This matter is brought before this Court by Plaintiff, United States, by and through its attorney, Victoria L. Francis, Assistant U.S. Attorney for the District of Montana. The United States has filed a Motion for Entry of Default Judgment and Order of Forfeiture pursuant to Fed. R. Civ. P. 55(b)(2) (Doc. 17). Upon considering the pleadings filed herein, the Court makes the following Findings of Fact and Conclusions of Law.

**FINDINGS OF FACT**

1. On February 15, 2018, the United States instituted a judicial forfeiture action by filing in this cause a Verified Complaint *in Rem* against the defendant firearms, consisting of the following property involved in a violation of 18 U.S.C. § 922(g)(8), and subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1):

-1-

- Rugar P85 Pistol, CAL:9, Serial No. 300-27518;
- Marlin Firearms Co. 70 Rifle, CAL:22, Serial No. 16388744;
- Remington 870 Express Magnum Shotgun, CAL:20, Serial No. B842275U;
- Winchester 70 Rifle, CAL:7, Serial No. G2205890;
- CBC 817 Rifle, CAL:17, Serial No. HHD041363;
- Winchester 70 XTR Featherweight Rifle, CAL:280, Serial No. G1748613; and
- 16 rounds unknown assorted ammunition.

2. On February 26, 2018, the ATF Special Agent Kyle Solon, executed the Warrant of Arrest *in Rem* (Doc 4) that was issued by this Court on February 22, 2018, and arrested the defendant firearms. (Doc. 5.)

3. On February 22, the United States provided "direct notice" of this civil asset forfeiture action to Gloria Nixon and Justin Ivins on February 22, 2018, by mailing the Notice of Complaint for Forfeiture and Verified Complaint In Rem (Doc. 2) via first class U.S. mail and Certified mail to the address provided in Gloria Nixon's administrative claim, (*See* Docs 10-1; 10-2), and the address provided by law enforcement for Justin Ivins, at the location from where some of the defendant firearms were seized.. (*See* Docs. 10-3; 10-4).

4. On March 8, 2018, the United States provided "direct notice" of this civil asset forfeiture action to known potential claimants, Tammy Ivins, and Shawna Jones, by mailing the Notice of Complaint for Forfeiture and Verified Complaint In Rem (Doc. 2) via first class U.S. mail and Certified mail to the address Tammy Ivins provided directly to the U.S. Attorney's Office, (*See* Docs. 10-5; 10-6) and the address of Shawna Jones provided by law enforcement. (*See* Docs. 10-7; 10-8).

5. Notice of this forfeiture action was also provided to any and all unknown potential claimants by publishing on the government's asset forfeiture website the Notice of Forfeiture Action for 30 consecutive days, beginning on February 17, 2018, and ending on March 18, 2018. The "Notice of Forfeiture Action" provides in pertinent part as follows:

> Any person claiming a legal interest in the Defendant Property must file a verified Claim with the court within 60 days from the first day of publication (February 17, 2018) of this Notice on this official government internet web site and an Answer to the complaint or motion under Rule 12 of the Federal Rules of Civil Procedure within 21 days thereafter. . . .

(Dec. of Publication, Doc. 8, Att. 1).

6. Upon considering the United States' Motion for Entry of Default of Known Potential Claimants (Doc. 9), the Clerk of Court entered the default of

Gloria Nixon, Justin Ivins, Tammy Ivins, and Shawna Jones, on April 16, 2018, for failure to timely file with the court, a verified claim and/or to answer or otherwise defend as required by the Supplemental Rules. (Doc. 11).

7. Upon considering the United States' Motion for Entry of Default of Unknown Potential Claimants (Doc. 12), the Clerk of Court entered the default of Unknown Potential Claimants, on April 23, 2018, for failure to timely file a verified claim and/or to answer or otherwise defend as required by the Supplemental Rules. (Doc. 14).

8. The factual allegations set forth in paragraphs 4 through 15 of the Verified Complaint, are verified by ATF Special Agent, Kyle Solon. (Doc. 1 at 9.)

Based upon the foregoing findings of fact, the Court makes the following conclusions of law.

## CONCLUSIONS OF LAW

9. The Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1345 and 1355. The United States has filed a Verified Complaint for Forfeiture In Rem to forfeit the defendant property consisting of firearms, pursuant to 18 U.S.C. § 924(d)(1).

10. Venue is proper in this District pursuant to 28 U.S.C. §§ 1355 and 1395, because the acts or omissions giving rise to the forfeiture occurred in and around Molt, Montana, and the defendant property is located in this district.

11. Civil forfeitures are governed by the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure. *United States v. 2659 Roundhill Drive*, 283 F.3d 1146, 1149 n.2 (9th Cir. 2002).

12. The Verified Complaint for Forfeiture *in Rem* sets forth detailed facts to support a reasonable belief that the United States will be able to meet its burden of proof at trial as required by Supplemental Rule G(2)(f), to support probable cause, and to provide proof by a preponderance of the evidence to seize and arrest the defendant firearms described in the verified complaint.

13. Under 18 U.S.C. § 924(d), any firearm or ammunition involved or used in any violation of 18 U.S.C. § 922(g)(8), shall be subject to seizure and forfeiture.

14. Notice of this action was properly provided to known potential claimants, Gloria Nixon, Justin Ivins, Tammy Ivins, and Shawn Jones, by providing "direct notice" by mailing the Verified Complaint *In Rem* and Notice of Complaint for Forfeiture, in accordance with Supplemental Rule G(4)(b)(v).

15. In accordance with Fed. R. Civ. P. 55(a) and Supplemental Rules A(2) and G(5), the Clerk of Court properly entered the default of Gloria Nixon, Justin Ivins, Tammy Ivins, and Shawn Jones. (Doc. 11).

16. Notice by publication was also provided to any and all unknown potential claimants in accordance with Supplemental Rule (G)(4)(a)(iv)(C).

17. In accordance with Fed. R. Civ. P. 55(a) and Supplemental Rules A(2) and G(5), the Clerk of Court properly entered the default of unknown claimants. (Doc. 14).

18. The United States is entitled to default judgment against the defendant firearms and ammunition and against any claims to the defendant property under Fed. R. Civ. P. 55(b)(2). The United States is further entitled to an order of forfeiture of the defendant firearms.

Based upon the foregoing findings of fact and conclusions of law,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

1. The United States is granted a default judgment against the defendant firearms and ammunition, which are more particularly described as follows:

- Rugar P85 Pistol, CAL:9, Serial No. 300-27518;
- Marlin Firearms Co. 70 Rifle, CAL:22, Serial No. 16388744;

- Remington 870 Express Magnum Shotgun, CAL:20, Serial No. B842275U;

- Winchester 70 Rifle, CAL:7, Serial No. G2205890;

- CBC 817 Rifle, CAL:17, Serial No. HHD041363;

- Winchester 70 XTR Featherweight Rifle, CAL:280, Serial No. G1748613; and

- 16 rounds unknown assorted ammunition.

2. The defendant firearms are hereby forfeited to the United States and shall be disposed of in accordance with the law.

DATED this 4th day of May, 2018.

*Dana L. Christensen*
Dana L. Christensen, Chief Judge
United States District Court